El Yumbe,  El Bey
In care of 304 South Jones Boulevard
Suite 180, Las Vegas, Nevada [89107]
877-998-7423 extension 0

RECEIVED
Mail Room

JUL 2 4 2020

Angela D. Caesar, Clerk of Court
of Columbia

**United States District Court**

**District of Columbia**

Case: 1:20-cv-02053 JURY DEMAND
Assigned To : Friedrich, Dabney L.
Assign. Date : 7/24/2020
Description: Gen. Civ. (E-DECK)

El Yumbe,    El Bey,

**Plaintiff,**

v.

Warren Kenneth Paxton, Jr. in his private
capacity, and his official capacity, D/B/A KEN
PAXTON, in its official capacity, including his
assigns Christopher Lee Lindsey, in his private
capacity and official capacity, D/B/A
CHRISTOPHER LEE LINDSEY, its official
capacity, and Texas Office of the Attorney
General in their official capacity and Does 1-10,

**Defendants.**

**Demand for Trial by Jury**

**Verified Complaint**

Plaintiff does sue Warren Kenneth Paxton, Jr. in his private capacity, and his official capacity, D/B/A KEN PAXTON, in its official capacity as the Attorney General of Texas, including his assigns, Christopher Lee Lindsey, in his private capacity and official capacity, D/B/A CHRISTOPHER LEE LINDSEY, its official capacity as Assistant Attorney General of Texas, and Texas Office of the Attorney General of Texas in their official capacity, for both injunction relief and money damages, and states:

**Jurisdictional Allegations**

1.      This is an action for money damages for tortious interference in excess of Three Million Dollars (3,000,000.00) exclusive of court cost and any associated fees.

2.      This action arises from an One Million Dollar unpaid invoice claim for damages issued to Warren Kenneth Paxton, Texas Attorney General for the damages caused by Warren Kenneth Paxton, and d/b/a KEN PAXTON, by conspiring with others to deprive us as "We, The People" of

Plaintiff's Complaint                                                                                          Page 1

our God given right, acting under the Color of law, breaking the laws of United States of America by impersonating a public servant, an officer of the United States and a revenue agent.

3.    At all times material to this lawsuit, plaintiff suffered damages by the direct actions of defendant Warren Kenneth Paxton, Jr. in his private capacity and official capacity, by defendant D/B/A KEN PAXTON, in its official capacity, by defendant Christopher Lee Lindsey, in his private capacity and in his official capacity, by D/B/A CHRISTOPHER LEE LINDSEY, in its official capacity, and by defendants Texas Office of the Attorney General, in their official capacity.

4.    At all times material to this lawsuit, defendants Warren Kenneth Paxton, Jr. and Christopher Lee Lindsey are being sued in their private capacity and their official capacity.

5.    At all times material to this lawsuit, defendants Christopher Lee Lindsey and Warren Kenneth Paxton, Jr., either resides or conducts regular business in Texas republic.

6.    At all times material to this lawsuit, defendant D/B/A KEN PAXTON is being sued in its official capacity, and either resides or conducts business as "Attorney General of Texas" for the alleged "STATE OF TEXAS".

7.    At all times material to this lawsuit, defendant D/B/A CHRISTOPHER LEE LINDSEY is being sued in its official capacity, and either resides or conducts business as assistant attorney general with Texas bar card number 24065628.

8.    At all times material to this lawsuit, the defendants Texas Office of the Attorney General in Texas republic is being sued in its official capacity.

9.    All acts necessary to the bringing of this lawsuit occurred or accrued in the United States district court of northern Texas division, part and partial of the United States by the direct and proximate actions of all defendants.

10.    Texas state is part and partial of the United States.

11.    This court has jurisdiction according to "Title 28 U.S. Code § 1331.

## General Factual Allegations

11.    On May 21, 2020, Warren Kenneth Paxton d/b/a KEN PAXTON received an invoice claim for damages, registered mail number RF274673543US.

12.    On May 28, 2020, William Pelham Barr, United States Attorney General, d/b/a William Barr, d/b/a Attorney General William P. Barr, and the Department of Justice (known as "United States") were notified of the invoice claim for damages given to Warren Kenneth Paxton, d/b/a KEN PAXTON.

13.    In the same notice, the United States was order to arrest Warren Kenneth Paxton, d/b/a KEN PAXTON for their violations of federal, state, constitutional and international laws.

13.    On June 8, 2020 defendants electronically filed an alleged motion to dismiss in a United States district court case number 2:20-cv-074-z prior to having any scheduled meeting of the minds with plaintiff to discuss who is the authorized representative and future filings in response to plaintiff's complaint. See Exhibit 1 (page 4 of 5 of the purported motion).

14.    Defendants used electronic signatures to purport to be an attorney for ones being sued and personally served in their individual capacity without appearance of counsel according to Supreme Court Rule 5 and 9.

15.    Defendants e-filed misleading statements in the alleged motion to dismiss regarding businesses such as TEXAS DEPARTMENT OF PUBLIC SAFETY with D-U-N-S number 806782272 and TEXAS HIGHWAY PATROL with D-U-N-S Number 066128967 having "sovereign immunity" to deter plaintiff's opportunity to have relief granted for damages plaintiff suffered.

16.    All Defendants have an obligation to work either as counsel admitted by the court, thereby being an officer of the court, or to be retained as an attorney with a representing contract signed by each parties.

17.    Defendant Christopher Lee Lindsey, defendant D/B/A CHRISTOPHER LEE LINDSEY as Assistant Attorney General conspired with defendant D/B/A KEN PAXTON and defendant Texas Office of the Attorney General to electronically sign documents stating they are representing defendant Warren Kenneth Paxton, Jr.

18. Defendants e-filed submitted documents to the court without signing under penalty of perjury, **see attached Exhibit 1.**

18. Both Warren Kenneth Paxton, Jr. and Christopher Lee Lindsey have an obligation to make sure their first, middle, and last name were shown when filing documents as counsel admitted by the court.

19. D/B/A CHRISTOPHER LEE LINDSEY and D/B/A KEN PAXTON have the obligation to give full disclosure of their authority to do business when making presentments to plaintiff.

20. On June 11, 2020, Defendants, their alleged agents and assigns, were given notice to recuse themselves within twenty-four (24) hours for their gross deprivation of plaintiff's Creator God given rights, acting under color of law and deceptive business practice, refusing to give full disclosure of who defendants actually work for, and willfully working in dual capacities.

21. Defendants stated they will willfully continue to file documents on behalf of the defendants in the district court case number 2:20-cv-074-z.

22. Plaintiff gave notice of intent to sue and seek any equitable remedy for Defendants' unauthorized practice of law and deprivation of rights.

23. Plaintiff suffered a loss of time from defendants' direct actions of their unauthorized practice of law by filing documents under various fictitious names in the United States court to purport to dismiss plaintiff's complaint.

24. Defendants' direct action of responding to plaintiff's original complaint without firsthand knowledge about the facts of record, damaged plaintiff's entitled right to be able to seek redress directly from the ones who caused plaintiff injury.

25. Defendants' direct actions of operating in dual capacities in an open court, interferes with plaintiff's right to be able to seek redress directly from the ones who caused plaintiff injury.

26. Defendants' use of public funds to fuel their criminal simulation, breaches plaintiff's, as We, the People's trust, interfering with plaintiff's rights to due process of law for redress of private property taken without just compensation, as outlined in the Fifth Amendment to the United States Constitution.

27. Defendants' filing a response as both officers of the court without seal and teste of process of the court, and as clients, taints the judicial machinery of the court creating a bias against plaintiff.

28. Defendants' conspiracy to defraud the United States by their use of public funds for personal business matters while after having knowledge of a deprivation of plaintiff's rights cognizable by a court of the United States according to Title 18 U.S. Code § 242 and Title 42 U.S. Code § 1983, caused direct interference with the plaintiff's entitled rights to seek relief from those who are liable for the deprivation of plaintiff's rights as orchestrators and co-conspirators, acting under color of law.

**Cause of Action: Tortious Interference with Performance of Contract by Third Person through the Unauthorized Practice of Law - Restatement (Second) of Torts § 766 [a violation of Title 15 U.S. Code § 1]**

29. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

30. Defendants all know each defendant in case number case 2:20-cv-074-z.

31. Defendants all have work affiliations with each defendant in case number case 2:20-cv-074-z.

32. Defendants were all notified of their actions of working in multiple capacities as either a client, a retained attorney or as counsel admitted by the court.

33. Defendants' actions deterred the defendants who have been personally served in case 2:20-cv-074-z from their obligated response.

34. Defendant Christopher Lee Lindsey e-filed pleadings in case number 2:20-cv-074-z as attorney for Warren Kenneth Paxton, Jr.

35. Defendant D/B/A CHRISTOPHER LEE LINDSEY e-filed pleadings in case number 2:20-cv-074-z as attorney for Warren Kenneth Paxton, Jr.

36. Defendant D/B/A KEN PAXTON e-filed pleadings in case number 2:20-cv-074-z as attorney for Warren Kenneth Paxton, Jr.

37.     Defendant Texas Office of the Attorney General e-filed pleadings in case number 2:20-cv-074-z as attorney for Warren Kenneth Paxton, Jr.

38.     Defendant Warren Kenneth Paxton, Jr. is obligated to ensure that no public funds are used for personal business matters.

39.     Defendant Texas Office of the Attorney General is obligated to ensure that no public funds are used for personal business matters.

40.     Defendant D/B/A KEN PAXTON is impersonating a Texas attorney general.

41.     Defendant D/B/A CHRISTOPHER LEE LINDSEY is impersonating a Texas assistant attorney general.

42.     All defendants' impersonation of officers of the court is an unauthorized practice of law.

43.     Defendant Warren Kenneth Paxton, Jr.'s failure to act according to his oath is a breach of duty of care.

44.     Defendant Christopher Lee Lindsey's failure to act according to his oath is a breach of duty of care.

45.     Defendants misrepresentation of office is fraud resulting in no immunity for their liability.

46.     All defendants' direct actions under color of law, have deprived plaintiff's entitled rights to receive a response directly from defendants named in case 2:20-cv-074-z.

47.     Defendants failed to cease their willful interference when requested to do so by plaintiff.

48.     As a direct and proximate result of defendants' tortious interference by their unauthorized practice of law, defendants caused additional court fees that could have been avoided and plaintiff has suffered a delay in the court case 2:20-cv-074-z, currently valued in an excess of one million dollars.

49.     Defendants' interference by the unauthorized practice of law has delayed plaintiff's opportunity to be awarded the money damages sought in the case 2:20-cv-074-z, causing defendants to be liable for up to three times the amount because of their fraudulent activities.

Plaintiff's Complaint

50.     As a direct and proximate result of defendants' tortious interference, plaintiff has suffered damages from the defendants preventing plaintiff from speaking to the ones who directly or proximately committed a falsely imprisoned plaintiff.

51.     **Restatement (Second) of Torts § 766. "Intentional Interference With Performance Of Contract By Third Person Restatement (Second) of Torts § 766.** "Intentional Interference With Performance Of Contract By Third Person One who (1) intentionally and (2) improperly (3) interferes with the performance of a contract . . . between another and a third person (4) by inducing or otherwise causing the third person not to perform the contract, (5) is subject to liability to the other for the pecuniary loss (6) resulting to the other from the failure of the third person to perform the contract."

52.     **Title 15 U.S. Code § 1. Trusts, etc., in restraint of trade illegal; penalty.** "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court."

53.     **"Owen v CITY OF INDEPENDENCE, 445 U.S. 622(1980)"** "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."

54.     **"Warnock v. Pecos County, Texas, 88 F3d 341(5th Cir.1996)"** "Eleventh Amendment does not protect state officials acted in violation of federal law."

55.     **"Owen v. Independence, 100 S.C.T 1398, 445 US 622"** "Officers of the court have no immunity, when violating a constitutional right, from liability. For they are deemed to know the law."

**Wherefore,** Plaintiff demands defendants to be restrained from engaging in their unauthorized practice of law especially concerning any claims filed by Plaintiff. Plaintiff demands for defendants

to be disqualified from their office in their official capacity. Plaintiff demands judgment for money damages against all Defendant based on the unpaid invoice claim for damages, together with such other and further relief as the court may deem reasonable and just under the circumstances, and further Plaintiff demands trial by jury on all triable issues.

*Without prejudice*        June 19, 2020.

By: *El Yumle UCC1-308*

El Yumbe,   El Bey, Plaintiff
Expressly reserving all liberties,
without the United States
[28 U.S.C. § 1746(1)].
In care of 304 South Jones Boulevard, Suite 180
Las Vegas, Nevada [89107]
Telephone: 877-998-7423
Fax: 877-998-7423

## Verification

I, *El Yumbe, El Bey* ©                , hereby verify, under penalty of perjury, under the laws of the United States of America, without the "United States" (Federal government), that the above statement of facts and laws is true and correct, according to the best of My current information, knowledge, and facts, so help me God, pursuant to 28 U.S.C. 1746(1). See Supremacy Clause (Constitution, Laws and Treaties are all the supreme Law of the Land).

Submitted on June 23, 2020.

Without Prejudice.

By: *El Yumle UCC1-308*

El Yumbe,   El Bey, Plaintiff
Expressly reserving all liberties,
without the United States
[28 U.S.C. § 1746(1)].